In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1770

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RAUL VIVAS-CEJA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:14CR00055-001 — **William M. Conley**, *Chief Judge.*

ARGUED DECEMBER 2, 2015 — DECIDED DECEMBER 22, 2015

Before KANNE and SYKES, *Circuit Judges*, and GILBERT, *District Judge.*[*]

SYKES, *Circuit Judge*. Raul Vivas-Ceja pleaded guilty to illegally reentering the United States after removal, the maximum sentence for which is raised to 20 years if the defendant has been convicted of an "aggravated felony"

[*] Of the Southern District of Illinois, sitting by designation.

prior to removal. *See* 8 U.S.C. § 1326(b)(2). As relevant here, the definition of "aggravated felony" is supplied by the definition of "crime of violence" in 18 U.S.C. § 16(b), which includes "any … offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The district court concluded that Vivas-Ceja's Wisconsin conviction for fleeing an officer was a crime of violence under § 16(b), raising the maximum sentence to 20 years. The court imposed a sentence of 21 months. Vivas-Ceja appeals, arguing that § 16(b)'s definition of "crime of violence" is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Fifth Amendment's Due Process Clause prohibits the government from depriving a person of liberty under a statute "so vague that it fails to give ordinary people fair notice … or so standardless that it invites arbitrary enforcement." *Id.* at 2556. In *Johnson* the Supreme Court held that sentencing a defendant under the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates this prohibition. Section 16(b) is materially indistinguishable from the ACCA's residual clause. We hold that it too is unconstitutionally vague according to the reasoning of *Johnson*. We therefore vacate Vivas-Ceja's sentence and remand for resentencing.

## I. Background

Raul Vivas-Ceja is a citizen of Mexico and has been removed from the United States on three occasions. On September 22, 2013, he was arrested at an airport in Madison,

Wisconsin, for illegally reentering the country. He pleaded guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326.

The maximum sentence for a violation of § 1326 depends on the defendant's criminal history prior to removal. A defendant with no criminal history can be imprisoned for up to two years, a defendant with convictions for three specified misdemeanors or a felony can be imprisoned for up to 10 years, and a defendant with a prior conviction for an aggravated felony can be imprisoned for up to 20 years. *See* § 1326(a)–(b). The definition of "aggravated felony" is found in 8 U.S.C. § 1101(a)(43)(F), which incorporates by cross-reference the definition of "crime of violence" in 18 U.S.C. § 16. Section 16 defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that *is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

(Emphasis added.)

Vivas-Ceja has numerous convictions of varying severity—e.g., driving with a revoked license, disorderly conduct, and driving while intoxicated. He also has a felony conviction for fleeing an officer in violation of section 346.04(3) of the Wisconsin Statutes. The district court concluded that this conviction is a crime of violence under § 16(b). Vivas-Ceja objected that § 16(b) is unconstitutionally vague, but the

district court rejected this argument. Classifying the fleeing conviction as a crime of violence elevated the statutory maximum sentence to 20 years. The court imposed a sentence of 21 months.

Vivas-Ceja appealed, renewing his argument that § 16(b) is unconstitutionally vague. We held the appeal for *Johnson* and heard oral argument after the Court issued its opinion. We now proceed to decision.

## II. Discussion

The Due Process Clause prohibits the government from depriving a person of life, liberty, or property "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 135 S. Ct. at 2556. This prohibition applies "not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557.

*Johnson* dealt with the ACCA, which enhances the sentence of a felon who unlawfully possesses a firearm after three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). For purposes of the ACCA, "violent felony" is defined as:

> any crime punishable by imprisonment for a term exceeding one year … that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct*

> *that presents a serious potential risk of physical*
> *injury to another … .*

*Id.* § 924(e)(2)(B) (emphasis added). The emphasized portion of the statute is known as the ACCA's residual clause. The defendant in *Johnson* was sentenced under the ACCA after one of his prior convictions—for unlawful possession of a short-barreled shotgun—was classified as a crime of violence under the residual clause. 135 S. Ct. at 2556. When his case reached the Supreme Court, the Justices asked the parties to address whether the residual clause is unconstitutionally vague. *Id.*

The Court began its analysis of the vagueness question by noting that the residual clause mandates the use of a two-step framework, known as the categorical approach, to determine whether a crime is a violent felony. *Id.* at 2557, 2562. In the first step, the court must determine "the kind of conduct that the crime involves in 'the ordinary case'" as opposed to the facts on the ground in the defendant's prior case. *Id.* at 2557. This inquiry stems from the statutory phrase "any crime [that] … otherwise involves conduct." *Id.* In the second step, the court must gauge whether that ordinary case of the crime "presents a serious potential risk of physical injury." *Id.*

The Court then held that the two parts of the residual clause's categorical approach combine to render the clause unconstitutionally vague. *Id.* The first part gives courts no guidance to determine what constitutes the "ordinary case" of a crime. *Id.* ("How does one go about deciding what kind of conduct the 'ordinary case' of a crime involves? 'A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?'" (quoting *United States v.*

*Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of rehearing en banc))). The second part "leaves uncertainty about how much risk it takes" before a court can conclude that the "ordinary case" of a crime is serious enough to be a violent felony. *Id.* at 2558. This combination of indeterminacy with indeterminacy, the Court held, "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

Vivas-Ceja was sentenced under § 16(b), which like the residual clause is a sentencing statute susceptible to challenge for vagueness.[1] Recall that § 16(b) defines "crime of violence" as "any … offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This language, though not identical to the residual clause, is materially the same. *See Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008); *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015). Indeed the residual clause's two-step categorical approach is also found in § 16(b). *See Dimaya v. Lynch*, 803 F.3d 1110, 1119 (9th Cir. 2015) (concluding, in the civil-removal context, that § 16(b) is unconstitutionally vague after *Johnson*).

Regarding the first step of the categorical approach, § 16(b) substitutes the phrase "by its nature" for the residual

---

[1] Other post-*Johnson* cases currently before this court—*United States v. Rollins*, No. 13-1731 (7th Cir. argued Dec. 2, 2015); *United States v. Hurlburt*, No. 14-3611 (7th Cir. argued Dec. 2, 2015); *United States v. Gillespie*, No. 15-1686 (7th Cir. argued Dec. 2, 2015)—involve vagueness challenges to the residual clause in the Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2), which present additional complications not present in Vivas-Ceja's case.

clause's "otherwise involves conduct." That these two phrases are synonymous was confirmed by the Supreme Court in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), decided more than a decade before *Johnson*. There the Court stated that § 16(b) directs courts to consider whether an offense would "naturally involve a person acting in disregard of the risk that physical force might be used against another." *Id.* at 10. This requires an evaluation of "the elements and the nature of the offense of conviction," not "the particular facts relating to [a defendant's] crime." *Id.* at 7. *Leocal*'s interpretation of § 16(b) is indistinguishable from *Johnson*'s interpretation of the residual clause.

Regarding the second step of the categorical approach—assessing the level of risk in the "ordinary case" of the crime—§ 16(b) substitutes "substantial risk" for the residual clause's "serious potential risk." Any difference between these two phrases is superficial. Just like the residual clause, § 16(b) offers courts no guidance to determine when the risk involved in the ordinary case of a crime qualifies as "substantial."

*Johnson* concluded that the indeterminacy of both parts of the residual clause's categorical approach—the "ordinary case" inquiry and the "risk" inquiry—rendered the clause unconstitutionally vague. Because § 16(b) requires the identical indeterminate two-step approach, it too is unconstitutionally vague.

The government insists that *Johnson* doesn't compel this conclusion because the Court placed special emphasis on the confusion created by the list of enumerated crimes preceding the residual clause, *see Johnson*, 135 S. Ct. at 2558–60, a feature not present in § 16(b). The government overreads this

part of the Court's analysis. As we've explained, the heart of the Court's opinion demonstrates why the two aspects of the residual clause's categorical approach—the ordinary-case determination and the risk assessment—"conspire" to make the clause unconstitutionally vague. *Id*. at 2557. Only later did the Court observe that the residual clause also "forces courts to interpret serious potential risk in light of the four enumerated crimes," which are "far from clear in respect to the degree of risk each poses." *Id.* at 2558 (quotation marks omitted). In other words, the enumeration of specific crimes did nothing to clarify the quality or quantity of risk necessary to classify offenses under the statute. The list itself wasn't one of the "two features" that combined to make the clause unconstitutionally vague. *Id*. at 2557.

The government also points to the Court's discussion of its own "repeated failures to craft a principled and objective standard out of the residual clause," *id*. at 2558, and its reference to the "pervasive disagreement" among lower courts about how to apply the clause, *id*. at 2560. Section 16(b), on the other hand, hasn't produced a shifting and irreconcilable body of caselaw, so the government thinks it's unnecessary to throw in the towel and declare the statute unconstitutionally vague. This argument, too, overstates the Court's point. That the residual clause had persistently "eluded stable construction," *United States v. Jones*, 689 F.3d 696, 699 (7th Cir. 2012), was additional evidence that served to "confirm its hopeless indeterminacy," *Johnson*, 135 S. Ct. at 2558. The chaotic state of the caselaw was not a necessary condition to the Court's vagueness determination.

Applying *Johnson*'s reasoning here, we conclude that § 16(b) is unconstitutionally vague. The government doesn't

urge us to affirm based on harmless-error analysis. Accordingly, we VACATE Vivas-Ceja's sentence and REMAND for resentencing.